Mail Receive Date: 2006-12-15

## IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI

WILLIE MAE MOORE                                                            PLAINTIFF

VS.                                                                       CAUSE NO._____

WAL-MART STORES, INC.
and JOHN DOES 1-5                                                  DEFENDANTS

### COMPLAINT
### JURY TRIAL REQUESTED

Comes now the Plaintiff, Willie Mae Moore, files this Complaint against the Defendants, and would show unto the Court the following facts:

1. The Plaintiff, Willie Mae Moore, is now and at all times mentioned in this Complaint is an adult resident citizen of Sunflower County, Mississippi.

2. The Defendant, Wal-Mart Stores, Inc. is an Arkansas corporation.

3. Defendants, John Does 1-5, are those entities, corporations, partnerships, and individuals whose names are presently unknown to Plaintiff and who at all pertinent times managed, operated, or control Store 347. John Does 1-5 also include those entities, corporations, partnerships, and individuals whose names are presently unknown to Plaintiff.

4. At all times mentioned in this Complaint, Defendants owned and operated Wal-Mart, Store No. 347, in Indianola, Sunflower County, Mississippi.

5. Defendants invited the general public, including Plaintiff, to enter the premises of the store to purchase various products and services from Defendants.

6. On or about April 22, 2006, Plaintiff was on the premises of Defendants' store in the customer service department, when without warning, the wooden casing around the payphone fell on her left foot. As a result of this incident, Plaintiff suffered tremendous physical pain and suffering, emotional distress, and mental anguish.

7. Defendants as owners and operators of the subject store negligently:

A. Failed to maintain the payphone in a reasonably safe condition;

B. Allowed the payphone to be exposed when Defendants knew or in the exercise of reasonable care should have known that the casing around the payphone was in an unsafe condition and created an unreasonable risk of harm to customers in the store;

C. Failed to warn Plaintiff of the danger presented by the defective payphone and casing;

D. Failed to repair the payphone; and

E. Failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

8. As a direct and proximate result of the negligence of Defendants as set forth above, Plaintiff was injured while on the store's premises.

9. As a further direct and proximate result of the negligence of Defendants as set forth above, Plaintiff alleges that she is entitled to recover from Defendants all of the damages allowable in the following manners and respects:

A. Past, present and future medical and related expenses;

B. Past, present and future physical pain, suffering and disability;

C. Past, present and future anxiety, worry, and mental and emotional distress;

D. Past, present and future loss of enjoyment of living; and

E. All other damages arising from the injuries to the Plaintiff.

## GROSS NEGLIGENCE

10. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-9 as if set forth herein.

11. The scope and severity of Defendants' failures and actions constitute gross negligence and/or malice that evidence wanton or reckless disregard for the safety of others including Plaintiff. Additionally, Defendants have shown a pattern of maintaining their

stores in a continual state of being unreasonable unsafe.

12. As a direct and proximate result of the gross negligence and/or malice which evidences a wanton or reckless disregard for the safety of others, Plaintiff suffered injuries as set forth herein.

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

13. Plaintiff adopts and re-alleges paragraphs 1 through 12 of this complaint as if set forth in full.

14. Defendants' negligence and gross negligence and reckless disregard caused Plaintiff to suffered emotional distress.

### DAMAGES

15. As a result of Defendants' wrongful acts and omissions, Plaintiff suffered damages and such actions and omissions were accompanied by gross negligence and/or reckless and callous disregard for the rights of Plaintiff. Consequently, Plaintiff demands judgment against Defendants for damages on all counts, both compensatory and punitive, in an amount determined by the jury, together with interest, costs and expenses, attorney's fees, and such other relief as the Court deems just and equitable. A jury trial requested.

This the 11th day of December, 2006.

RESPECTFULLY SUBMITTED

WILLIE MAE MOORE

BY: _Arnold D. Lee_
ARNOLD D. LEE, MS# 101238
LEE-HUGHES ATTORNEYS
Post Office Box 882
GREENVILLE, MS 38701
PHONE: 662.344.1111
FAX: 662.344.1114
EMAIL: alee@lee-hughes.com