**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIE MAE MOORE**                                                                        **PLAINTIFF**

**VS.**                                                         **CAUSE NO. 4:07CV5-M-B**

**WAL-MART STORES, INC.
AND JOHN DOES 1-5**                                                  **DEFENDANTS**

**ANSWER**

**NOW COMES** Defendant Wal-Mart Stores, Inc. and files its Answer to the separately numbered paragraphs of the Complaint.

1.

The averments of paragraph one of the Complaint are admitted.

2.

The averments of paragraph two of the Complaint are denied.

3.

The averments of paragraph three of the Complaint do not assert any allegations against Defendant Wal-Mart Stores, Inc. and therefore no response is necessary. However, in the event any allegation in paragraph three is deemed to be asserted against Defendant Wal-Mart Stores, Inc., then any such allegations are denied.

4.

In response to the averments of paragraph four of the Complaint, Defendant Wal-Mart Stores, Inc. admits it operated a Wal-Mart store in Indianola, Mississippi. Except as specifically admitted the averments of paragraph four of the Complaint are denied.

5.

In response to the averments of paragraph five of the Complaint, Defendant Wal-Mart Stores,

Inc. admits members of the public enter the Wal-Mart store in Indianola, Mississippi and purchase various products and services. Except as specifically admitted the averments of paragraph five of the Complaint are denied.

6.

In response to the averments of paragraph six of the Complaint, Defendant Wal-Mart Stores, Inc. admits Plaintiff was on the premises of the Wal-Mart store in Indianola, Mississippi on or about April 22, 2006. Except as specifically admitted the averments of paragraph six of the Complaint are denied.

7.

The averments of paragraph seven of the Complaint are denied.

8.

The averments of paragraph eight of the Complaint are denied.

9.

The averments of paragraph nine of the Complaint are denied.

10.

In response to the averments of paragraph ten of the Complaint, Defendant Wal-Mart Stores, Inc. reaffirms and adopts its prior admissions and denials to paragraphs one through nine of the Complaint.

11.

The averments of paragraph eleven of the Complaint are denied.

12.

The averments of paragraph twelve of the Complaint are denied.

13.

In response to the averments of paragraph thirteen of the Complaint, Defendant Wal-Mart Stores, Inc. reaffirms and adopts its prior admissions and denials to paragraphs one through twelve of the Complaint.

14.

The averments of paragraph fourteen of the Complaint are denied.

15.

The averments of paragraph fifteen of the Complaint are denied.

**AND NOW** having fully answered all of the allegations of the Complaint against Defendant Wal-Mart Stores, Inc., this Defendant denies it committed any act or omission of negligence whatsoever, denies it committed any intentional act against Plaintiff and denies it is liable to Plaintiff for any amount of damages. Accordingly, Defendant Wal-Mart Stores, Inc. requests that the Complaint filed against it be dismissed with prejudice and all cost taxed to Plaintiff.

**Affirmative Matters**

A.

The sole and proximate cause of the alleged incident and any damages alleged by Plaintiff in the Complaint was negligence on the part of Plaintiff.

B.

Alternatively, Plaintiff was contributorily negligent.

C.

Plaintiff's Complaint alleges negligence and injuries for which Defendant Wal-Mart Stores, Inc. is not responsible and/or liable.

3

D.

Defendant invokes the provisions of MISS. ANN. CODE §85-5-7.

E.

Defendant Wal-Mart Stores, Inc. reserves the right to assert counter claims and/or cross claims to any individual or entity which may have caused or contributed to the alleged incident and damages to Plaintiff and for which this Defendant should be defended and/or indemnified.

F.

Defendant states that Plaintiff's claim for punitive damages is violative of the Eighth, Fifth, Fourteenth and Sixth Amendments to the United States Constitution as an excessive fine, criminal penalty and depravation of equal protection and due process. In addition, the claim for punitive damages similarly violates Article III, Section 28 and Article III, Section 14 of the Mississippi Constitution.

G.

The imposition of punitive damages in this case would violate the Due Process Clause of amendment V and XIV of the United States Constitution and Article 3, Section 14 of the Mississippi Constitution because the imposition of punitive damages would violate defendants' rights to substantive due process.

H.

The imposition of punitive damages in this case would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States and Article 3, Sections 14, 16, 22, 23, 24, 26, 28 and 31, jointly and separately, of the Mississippi Constitution in each of the following separate and several ways:

    a)    Joint and several judgments may be awarded against multiple defendants for different

alleged acts of wrongdoing.

b) There are no means provided for awarding separate judgments against alleged joint tortfeasors.

c) There is no limit placed on the amount of the award against defendants.

d) There are no specific standards provided upon which to base an award of punitive damages against defendants.

e) There are no provisions for clear and consistent appellate standards of review of any award of punitive damages against defendants.

f) The standards of conduct upon which punitive damages are sought against defendants are vague and ambiguous.

g) The procedures to be followed allow the imposition of excessive punitive damages.

h) The procedures to be followed fail to provide a meaningful opportunity for challenging the excessiveness of such awards.

i) Mississippi law permits the imposition of punitive damages which are vastly disproportionate to any actual or compensatory injury.

j) The award of punitive damages would constitute an arbitrary and capricious taking of the property of defendants, separately and severally, which is unjustified by any rational governmental interest.

I.

The imposition of punitive damages in this case would violate the equal protection clause of Amendments V and XIV of the United States Constitution and would deprive defendants, separately and severally, of the right to equal protection under the laws as provided in Article 3, Sections 14, 24 and 26 of the Mississippi Constitution, among other reasons, criminal defendants are placed in a

position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure equality of treatment between and among similarly situated civil defendants in the same case or in different case.

J.

Plaintiff's demand for punitive damages is unconstitutional pursuant to XIV Amendment to the United States Constitution, and Article 3 Section 14 of the Mississippi Constitution, providing that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interest.

K.

Defendant also invokes the defense against punitive damages under Miss. Code Ann. §11-1-65.

L.

Plaintiff failed to join necessary and indispensable parties in violation of the Federal Rules of Civil Procedure and complete relief nor full defenses are available herein without such additional parties.

**RESPECTFULLY SUBMITTED**, this the 5th day of January, 2007.

                                            **WAL-MART STORES, INC.**

                                            **/s/ R. Brittain Virden**
                                            **R. BRITTAIN VIRDEN, MBN 10022**
                                            **Attorney for Defendant**

**OF COUNSEL:**

**CAMPBELL DeLONG, LLP**
923 Washington Avenue
Post Office Box 1856
Greenville, MS 38702-1856
Telephone (662) 335-6011
Facsimile (662) 334-6407

**CERTIFICATE OF SERVICE**

    I, R. Brittain Virden, hereby certify that on January 5, 2007, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Arnold D. Lee, alee@lee-hughes.com .

                                          **/s/ R. Brittain Virden, Esq.**
                                          **MBN 10022**
                                          **CAMPBELL DeLONG, LLP**
                                          **Attorney for Defendant, Wal-Mart Stores, Inc.**
                                          **923 Washington Avenue (38701)**
                                          **Post Office Box 1856**
                                          **Greenville, MS 38702-1856**
                                          **Telephone (662) 335-6011**
                                          **Facsimile (662) 334-6407**
                                          **E-mail: bvirden@campbelldelongllp.com**