**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| **WILLIE MAE MOORE** | **PLAINTIFF** |
| **VS.** | **CAUSE NO. 4:07CV5-M-B** |
| **WAL-MART STORES, INC. AND JOHN DOES 1-5** | **DEFENDANTS** |
| **AND** | |
| **WAL-MART STORES, INC.** | **DEFENDANT/THIRD-PARTY PLAINTIFF** |
| **V.** | |
| **PUBLIC PAY PHONE COMPANY, ROBERT P. SCHMIDT AND JOHN DOES A-B** | **THIRD-PARTY DEFENDANTS** |

**THIRD-PARTY COMPLAINT**

**NOW COMES** Defendant/Third-Party Plaintiff Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), and files its Third-Party Complaint against the Third-Party Defendants Public Pay Phone Company, Robert P. Schmidt and John Does A-B (hereinafter "Third-Party Defendants").

**PARTIES**

1.

Plaintiff Willie May Moore is an adult resident citizen of Sunflower County, Mississippi.

2.

Defendant/Third-Party Plaintiff Wal-Mart is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business located in Bentonville, Arkansas.

3.

Third-Party Defendant Public Pay Phone Company is a corporation, partnership or sole

proprietorship with its legal incorporation or other filings submitted outside of the state of Mississippi with its principle place of business in Jefferson Parish, Louisiana where it may be served with process and this Third-Party Complaint at its headquarters of 1034 Raymond Drive, Metairie, Louisiana, 70001.

4.

Third-Party Defendant Schmidt is an adult resident citizen of the State of Louisiana, residing at 1034 Raymond Drive, Metairie, LA 70001, where he may be served with process and this Third-Party Complaint.

5.

Third-Party Defendants John Does A-B are individuals, corporations, partnerships or other associations whose identity is currently unknown but otherwise are responsible for the installation, maintenance, repair and upkeep of the subject pay phone at issue in this action. All such unknown parties are believed to be domiciled outside of the state of Mississippi and also have their principal place of business outside of the state of Mississippi. Upon identification of the identity of such unknown parties, Defendant Wal-Mart will move to amend its Third-Party Complaint with the identity of any unknown parties.

**JURISDICTION**

6.

This Court has personal and subject mater jurisdiction under the provisions of Title 28, U.S.C. § 1332 and related statutes. Plaintiff is an adult resident citizen of Sunflower County, Mississippi. Defendant/Third-Party Plaintiff Wal-Mart is a corporation organized under the laws of the State of Delaware, with its principle place of business in the State of Arkansas. Third-Party Defendant Schmidt is an adult resident citizen of the State of Louisiana. Third-Party Defendant Public Pay Phone Company is a corporation, partnership or sole proprietorship which is incorporated and its principle place of business

is located outside of the state of Mississippi as are John Does A-B, on information and belief. Thus, complete diversity of citizenship exists, and venue is proper.

## FACTS

7.

On or about April 22, 2006, Willie Mae Moore was in the customer service area of Wal-Mart Store #347 located in Indianola, Mississippi. Located in the customer service area of the Indianola, Mississippi Wal-Mart store was a pay phone installed, operated, owned and maintained by Third-Party Defendants. The subject pay phone consisted of a telephone and wooden casing surrounding the telephone, both of which were operated, installed, maintained, and the sole responsibility of Third-Party Defendants.

8.

On or about April 22, 2006, Willie Mae Moore, while in the customer service area of the Indianola Wal-Mart store, was allegedly struck on the foot by the wooden casing of the aforementioned pay phone when it fell from the wall to which it had been attached by Third-Party Defendants.

9.

On or about December 11, 2006, Plaintiff Moore filed suit against Wal-Mart in the Circuit Court of Sunflower County, Mississippi. Plaintiff's Complaint sought to recover her alleged damages from Wal-Mart as a result of the claimed injury she sustained when the pay phone's wooden casing allegedly struck her foot. On January 2, 2007, Wal-Mart removed this cause from the Circuit Court of Sunflower County, Mississippi.

10.

Defendant Wal-Mart does not own, operate, maintain or utilize the subject pay phone in its business. Moreover, Defendant Wal-Mart did not install the subject pay phone and justifiably relied on Third-Party Defendants to conduct proper installation, maintenance and care of the subject pay phone

11.

Moreover, Third-Party Defendants entered into a contractual relationship with Defendant Wal-Mart as an outside vendor to install and operate the subject pay phone at the Indianola, Mississippi Wal-Mart store. Such written Vendor Agreement imposes binding responsibilities and obligations upon Third-Party Defendants.

12.

On January 22, 2007, Wal-Mart tendered the defense and potential indemnity of this claim to Third-Party Defendants, calling on Third-Party Defendants to defend and indemnify Wal-Mart for "all allegations, claims and demands of Plaintiff." Third-Party Defendants has failed to respond to Wal-Mart's tender and otherwise refused to defend or indemnify Wal-Mart.

**BREACH OF CONTRACT**

13.

Pursuant to the Vendor Agreement entered into between Wal-Mart and Third-Party Defendants and related written documents, Third-Party Defendants are contractually obligated to defend, indemnify, and hold harmless Wal-Mart against the claims and action brought by the Plaintiff in this case.

14.

Third-Party Defendants have breached their contract and binding agreement with Defendant Wal-Mart and have refused to comply with the terms and conditions therein. Specifically, Third-Party Defendants have breached their legal obligation to defend and indemnify Wal-Mart from the claims alleged by Plaintiff, which allegations of damages are the sole responsibility and obligation of Third-Party Defendants.

15.

As a direct and proximate result of the breach of contract from Third-Party Defendants, Defendant

Wal-Mart has suffered damages and will suffer damages in the future.

## COMMON LAW INDEMNITY AND DEFENSE

16.

Third-Party Defendants had a duty to properly install the wooden casing surrounding the pay phone and to properly maintain and/or repair the casing surrounding the pay phone if it was damaged. Moreover, Third-Party Defendants had a duty to inspect and remove any part of the subject pay phone which was defective or unreasonably dangerous, or in the alternative, to warn Wal-Mart and members of the public of the dangers posed by the pay phone and its wooden casing.

17.

Wal-Mart is entitled to a legal defense and indemnification from Third-Party Defendants as to all claims asserted by Plaintiff Willie Mae Moore as Third-Party Defendants were actively negligent in installing, maintaining, failing to repair or remove and/or warning of the dangerous condition posed by the pay phone and its wooden casing which was operated, installed, maintained, and the sole responsibility of Third-Party Defendants.

18.

Third-Party Defendants have breached their duty owed to Defendant Wal-Mart for common law indemnity based on the active negligence of Third-Party Defendants. As direct and proximate cause of Third-Party Defendants' breach of their duties, Defendant Wal-Mart has suffered damages and will continue to suffer damages in the future as shown below.

19.

Based on the foregoing, and other facts that may be discovered in the prosecution of this cause, and in defense of the instant suit filed by Plaintiff Willie Mae Moore, Defendant/Third-Party Plaintiff Wal-Mart is entitled to the following relief and damages from Third-Party Defendants:

a. Indemnification as to all claims asserted by, and/or any recovery obtained in favor of, the Plaintiff herein;

b. All attorneys fees, costs and expenses incurred in the defense of the claims asserted against Wal-Mart in this cause;

c. All expert witness fees incurred in the defense of the claims asserted against Wal-Mart in this cause;

d. All discovery costs and expenses incurred in the defense of the claims asserted against Wal-Mart in this cause;

e. All costs of Court incurred in the defense of the claims asserted against Wal-Mart in this cause;

f. All attorneys fees, costs and expenses incurred in the prosecution of this Third-Party Complaint;

g. All other fees and costs of litigation associated with the defense of the claims asserted against Wal-Mart, and incurred in the prosecution of this third-party lawsuit filed by Wal-Mart.

**WHEREFORE, PREMISES CONSIDERED**, Defendant/Third-Party Plaintiff Wal-Mart Stores, Inc. demands judgment of and from Third-Party Defendants Public Pay Phone Company, Robert P. Schmidt and John Does A-B for their breach of contract and breach of duty for a defense and common law indemnity to Wal-Mart for the allegations and claimed damages of Plaintiff in the underlying Complaint; and Defendant Wal-Mart demands a full defense and indemnity from Third-Party Defendants in the event Plaintiff is successful in her claims against Wal-Mart. Third-Party Defendant further requests such additional legal and equitable relief to which it may be entitled.

**RESPECTFULLY SUBMITTED, THIS**, the 25th day of May, 2007.

                                **WAL-MART STORES, INC.**

                **By:**    **/s/R. Brittain Virden**
                            R. BRITTAIN VIRDEN, MBN 10022
                            L. DOUGLAS WADE, JR., MBN 99999
                        **Attorneys for Defendant**

**OF COUNSEL:**

**CAMPBELL DeLONG, LLP**
923 Washington Avenue (38701)
Post Office Box 1856
Greenville, MS 38702-1856
Telephone: (662) 335-6011
Facsimile: (662) 334-6407
**bvirden@campbelldelongllp.com**
**dwade@campbelldelongllp.com**

### CERTIFICATE OF SERVICE

     I , R. Brittain Virden, hereby certify that on May 25, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Arnold Lee, Esq., **alee@lee-hughes.com.**

                    **/s/R. Brittain Virden**
                  R. BRITTAIN VIRDEN
                  L. DOUGLAS WADE, JR.

                **Attorneys For Defendant Wal-Mart Stores, Inc.**
                **CAMPBELL DeLONG,LLP**
                923 Washington Avenue (38701)
                Post Office Box 1856
                Greenville, MS 38702-1856
                Telephone (662) 335-6011
                Facsimile (662) 334-6407
                **bvirden@campbelldelongllp.com**
                **dwade@campbelldelongllp.com**