**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIE MAE MOORE**                                         **PLAINTIFF**

**VS.**                                     **CAUSE NO. 4:07CV5-M-B**

**WAL-MART STORES, INC.
AND JOHN DOES 1-5**                                    **DEFENDANTS**

*AND*

**WAL-MART STORES, INC.**            **DEFENDANT/THIRD-PARTY PLAINTIFF**

**VS.**

**PUBLIC PAY PHONE COMPANY,
ROBERT P. SCHMIDT AND
JOHN DOES A-B**                                **THIRD-PARTY DEFENDANTS**

**THIRD-PARTY DEFENDANTS PUBLIC PAY
PHONE COMPANY AND ROBERT P. SCHMIDT'S
<u>ANSWER AND DEFENSES TO THIRD-PARTY COMPLAINT</u>**

**[TRIAL BY JURY REQUESTED]**

COME NOW, THIRD-PARTY DEFENDANTS, Public Pay Phone Company and Robert P. Schmidt, by and through counsel, and file this, their Answer and Defenses to the Third-Party Complaint filed by Third-Party Plaintiff, Wal-Mart Stores, Inc., and in support thereof would respectfully show unto this Honorable Court the following:

**<u>FIRST DEFENSE</u>**

Third-Party Plaintiff's Complaint fails to state a claim upon which relief can be granted against Third Party Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), such that Third-Party Plaintiff's Third-Party Complaint should be dismissed as to Third Party Defendants.

**SECOND DEFENSE**

Third-Party Defendants hereby reserve all other defenses enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, and as additional facts are obtained through the discovery process, Third-Party Defendants will raise the appropriate Rule 12(b) defense at that time.

**THIRD DEFENSE**

If Plaintiff and/or Third-Party Plaintiff suffered any damages whatsoever, which are specifically denied, the same resulted from the acts and/or omissions of persons or parties other than Third-Party Defendants, for which Third-Party Defendants are in no way liable. Such acts and/or omissions constitute an independent and intervening cause that superseded any alleged legal wrong of Third-Party Defendants and such acts and/or omissions constitute the sole, proximate or legal cause of the damages sustained by Plaintiff and/or Third-Party Plaintiff, if any.

**FOURTH DEFENSE**

Third-Party Plaintiff's claims should be dismissed based on Third-Party Plaintiff's failure to notify Third-Party Defendants of the damaged condition, if any, of the wooden casing surrounding the pay phone at issue in the current matter.

**FIFTH DEFENSE**

In failing to notify Third-Party Defendants of the damaged condition, if any, of the wooden casing surrounding the pay phone at issue in the current matter, Third-Party Plaintiff failed to fulfill a condition precedent of the underlying contractual agreement between Third-Party Plaintiff and Third-Party Defendants, such that Plaintiff has no right to any contractual damages or other relief requested in the Third-Party Complaint.

**SIXTH DEFENSE**

In failing to notify Third-Party Defendants of the damaged condition, if any, of the wooden casing surrounding the pay phone at issue in the current matter, Third-Party Plaintiff committed acts and/or omissions constituting an independent and intervening cause that superseded any alleged legal wrong of Third-Party Defendants and such acts and/or omissions constitute the sole, proximate or legal cause of the damages sustained by Plaintiff and/or Third-Party Plaintiff, if any.

**SEVENTH DEFENSE**

The sole proximate cause of Third-Party Plaintiff's damages, if any, is Third-Party Plaintiff's own negligence, for which Third-Party Defendants are not liable. Third-Party Plaintiff's own negligence constitutes an independent and intervening cause that superseded any alleged legal wrong of Third-Party Defendants and constitutes the sole, proximate or legal cause of the damages sustained by Third-Party Plaintiff, if any.

**EIGHTH DEFENSE**

The sole proximate cause of Plaintiff's damages, if any, which Defendant/Third-Party Plaintiff alleges give rise to its damages, is Plaintiff's own negligence, for which Third-Party Defendants are not liable. Plaintiff's own negligence constitutes an independent and intervening cause that superseded any alleged legal wrong of Third-Party Defendants and constitutes the sole, proximate or legal cause of the damages sustained by Plaintiff, if any.

**NINTH DEFENSE**

The physical injuries, if any, for which Plaintiff seeks recovery from Defendant/Third-Party Plaintiff resulted from Plaintiff's pre-existing illnesses or conditions not common to other persons and not determinable or foreseeable by Third-Party Defendants. All physical injuries

and damages alleged by Plaintiffs, if any, were proximately contributed to by Plaintiff's pre-existing injuries and conditions, such that Third-Party Defendants are in no way liable for the same.

**TENTH DEFENSE**

Third-Party Plaintiff's damages, if any, are barred and/or diminished due to Third-Party Plaintiff's failure to mitigate such damages.

**ELEVENTH DEFENSE**

Third-Party Plaintiff's damages, if any, are barred and/or diminished by the doctrine of avoidable consequences.

**TWELFTH DEFENSE**

Third-Party Defendants aver that they did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in Third-Party Plaintiff's Complaint, such that Third-Party Plaintiff is not entitled to attorney fees and/or costs from Third-Party Defendants as a matter of law.

**THIRTEENTH DEFENSE**

Third-Party Plaintiff has failed to join indispensable parties in order to properly adjudicate Third-Party Plaintiff's claims.

**FOURTEENTH DEFENSE**

If it is determined that Plaintiff and/or Third-Party Plaintiff have made any form of recovery by way of judgment, settlement or otherwise for all or any part of their alleged injuries or damages, then Third-Party Defendants claim the benefit of such recovery or relief by way of set off, payment, credit, accord and satisfaction or otherwise.

**FIFTEENTH DEFENSE**

Third-Party Plaintiff's claims are barred in whole or in part because Third-Party Defendants at all times complied with and fulfilled its obligations under the underlying contractual agreement between Third-Party Plaintiff and Third-Party Defendants.

**SIXTEENTH DEFENSE**

Plaintiff's alleged damages were not caused by any failure to warn on the part of Third-Party Defendants.

**SEVENTEENTH DEFENSE**

With respect to each and every purported cause of action stated in Third-Party Plaintiff's Complaint, Third-Party Defendants' actions were at all times done in good faith and without malice.

**EIGHTEENTH DEFENSE**

Third-Party Defendants reserve the right to amend their Answer and Defenses to Third-Party Plaintiff's Complaint and to raise additional defenses which become known to them as discovery in this matter continues.

**NINTEENTH DEFENSE**

Third-Party Defendants invoke the provisions of Miss. Code Ann. § 85-5-7, governing the allocation of fault.

**TWENTIETH DEFENSE**

Any award of punitive or other extra-contractual damages against Third-Party Defendants would be in violation of the constitutional safeguards provided to Third-Party Defendants under the Constitutions of the State of Mississippi and the United States of America.

      a.      Any imposition of punitive damages against Third Party Defendants in this case would violate Third-Party Defendants' rights to due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Section 14 of the Mississippi Constitution of 1890, in that the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest.

      b.      Any imposition of punitive damages against Third Party Defendants in this case would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Mississippi Constitution of 1890, and of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 3, Section 14 of the Mississippi Constitution of 1890.

      c.      Any imposition of punitive damages against Third Party Defendants in this case based on wealth would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

      d.      Any award of punitive damages against Third Party Defendants in this case would violate the procedural safeguards provided to Third Party Defendants under the Fourth, Fifth and Sixth Amendments to the United States Constitution, in that punitive damages are penal in nature, and Third Party Defendants are entitled to the same procedural safeguards accorded to those charged with crimes against the State or against the United States.

      e.      Any imposition of punitive damages against Third Party Defendants in this case would constitute an ex post facto law in violation of Article 1, Section 10, Clause 1 of the United States Constitution and of Article 3, Section 16 of the Mississippi Constitution of 1890.

## TWENTY-FIRST DEFENSE

Third-Party Plaintiff's damages, if any, are barred and/or diminished by the last clear chance doctrine.

## TWENTY-SECOND DEFENSE

With respect to Third-Party Plaintiff's claim for breach of contract, Third-Party Plaintiff has failed to attach a copy of the contract upon which such claim is based, contrary to Mississippi law.

## TWENTY-THIRD DEFENSE: ANSWER

Without waiving its right to be heard on the above and foregoing defenses, LM&R and Rodger deny any and all allegations contained in Third-Party Plaintiff's Complaint, except those which are specifically admitted below. Further, responding to Third-Party Plaintiff's Complaint, paragraph by paragraph, Third-Party Defendants state as follows:

### PARTIES

1. Third-Party Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 1 of the Third-Party Complaint, and the same are, therefore, denied.

2. Third-Party Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 2 of the Third-Party Complaint, and the same are, therefore, denied.

3. Without waiving any of the affirmative defenses raised herein, Third-Party Defendants admit the allegations contained in Paragraph 3 of the Third-Party Complaint.

4. Without waiving any of the affirmative defenses raised herein, Third-Party Defendants admit the allegations contained in Paragraph 4 of the Third-Party Complaint.

5. Third-Party Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 5 of the Third-Party Complaint, and the same are, therefore, denied.

## JURISDICTION

6. Without waiving any of the affirmative defenses raised herein, Third-Party Defendants admit the allegations contained in Paragraph 6 of the Third-Party Complaint.

## FACTS

7. Third-Party Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 7 of the Third-Party Complaint, and the same are, therefore, denied.

8. Third-Party Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 8 of the Third-Party Complaint, and the same are, therefore, denied.

9. Third-Party Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 9 of the Third-Party Complaint, and the same are, therefore, denied.

10. Third-Party Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 10 of the Third-Party Complaint, and the same are, therefore, denied.

11. Without waiving any of the affirmative defenses raised herein, Third-Party Defendants admit the allegations contained in Paragraph 11 of the Third-Party Complaint. Responding further, Third-Party Defendant affirmatively states that the "Vendor Agreement"

described in Paragraph 11 of the Third-Party Complaint also imposes binding responsibilities and obligations upon Third-Party Plaintiffs.

    12.    Without waiving any of the affirmative defenses raised herein, Third-Party Defendants deny the allegations contained in Paragraph 12 of the Third-Party Complaint, except to admit only that Third-Party Defendants have declined to accept the defense and indemnity of Third-Party Plaintiffs.

### BREACH OF CONTRACT

    13.    Third-Party Defendants deny the allegations contained in Paragraph 13 of the Third-Party Complaint.

    14.    Third-Party Defendants deny the allegations contained in Paragraph 14 of the Third-Party Complaint, and further deny that Third-Party Plaintiff is entitled to any recovery whatsoever from Third-Party Defendants.

    15.    Third-Party Defendants deny the allegations contained in Paragraph 15 of the Third-Party Complaint, and further deny that Third-Party Plaintiff is entitled to any recovery whatsoever from Third-Party Defendants.

### COMMON LAW INDEMNITY AND DEFENSE

    16.    Third-Party Defendants deny the allegations contained in Paragraph 16 of the Third-Party Complaint.

    17.    Third-Party Defendants deny the allegations contained in Paragraph 17 of the Third-Party Complaint.

    18.    Third-Party Defendants deny the allegations contained in Paragraph 18 of the Third-Party Complaint, and further deny that Third-Party Plaintiff is entitled to any recovery whatsoever from Third-Party Defendants.

19. Third-Party Defendants deny the allegations contained in Paragraph 19 of the Third-Party Complaint, including subparagraphs (a.) through (g.), and further deny that Third-Party Plaintiff is entitled to any recovery whatsoever from Third-Party Defendants.

20. Third-Party Defendants deny the allegations contained in the last unnumbered paragraph of the Third-Party Complaint, beginning with the words "WHEREFORE PREMISES CONSIDERED," and further deny that Third-Party Plaintiff is entitled to any recovery whatsoever from Third-Party Defendants.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendants, Public Pay Phone Company and Robert P. Schmidt, respectfully request that Third-Party Plaintiff's Complaint be dismissed against them, with all costs associated with the defense of this matter to be assessed against Third-Party Plaintiffs.

Respectfully submitted, this the 2nd day of July, 2007.

                    PUBLIC PAY PHONE COMPANY AND
                    ROBERT P. SCHMIDT

By: */s/ Leo J. Carmody, Jr.*
     Stuart Robinson, Jr. (MSB #5624)
     Richard T. Conrad III (MSB #10648)
     Leo J. Carmody, Jr. (MSB #100738)

OF COUNSEL:

ROBINSON, BIGGS, INGRAM,
   SOLOP & FARRIS, PLLC
130-A Courthouse Square
Post Office Box 2477
Oxford, MS 38655

Ph:   (662) 236-1500
Fax:  (662) 236-4968

## **CERTIFICATE OF SERVICE**

    I, Leo J. Carmody, Jr., hereby certify that on the 2nd day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

>Arnold Datron Lee
>alee@lee-hughes.com
>
>L. Douglas Wade, Jr.
>R. Brittain Virden
>bvirden@campbelldelongllp.com
>dwade@campbelldelongllp.com

                                            */s/ Leo J. Carmody, Jr.*
                                            Leo J. Carmody, Jr.