IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE MAE MOORE                                                                                    PLAINTIFF

VS.                                                                                    CAUSE NO.  4:07CV5-M-B

WAL-MART STORES, INC.
AND JOHN DOES 1-5                                                                                    DEFENDANTS

AND

WAL-MART STORES, INC.                                                  DEFENDANT/THIRD-PARTY
                                                                                                          PLAINTIFF

V.

PUBLIC PAY PHONE COMPANY,
ROBERT P. SCHMIDT AND
JOHN DOES A-B                                                                    THIRD-PARTY DEFENDANTS

### ORDER

This cause comes before the court on the motion of plaintiff to transfer the trial venue in this action to Greenville. Plaintiff notes that she and many of the witnesses in this case live in Indianola, which is clearly closer to Greenville than to Oxford. However, the court would also note that the assignment procedures for cases in the Northern District frequently result in litigants and witnesses being forced to travel considerable distances for trial. Indeed, it is not infrequently the case that cases filed in the Greenville district are assigned to and tried before Judge Aycock in Aberdeen. Such inconveniences are an inherent part of litigation in the Northern District, and courts in this district have consistently declined to grant intra-district transfers absent a compelling reason therefor. *See, e.g. U.S. v. Patton,* 2006 WL 2038628 (N.D. Miss. 2006), *Haggie v. Coldwell Banker Real Estate Corp.*, 2007 WL 43838 (N.D. Miss. 2007). Moreover, as noted by plaintiff, Judge Pepper has already recused himself from hearing this case, and transferring this case to Greenville to be tried before him is

1

accordingly not an option. The court would finally note that there are numerous logistical difficulties involved in attempting to move this court and its staff to Greenville for trial, and this court has only taken this action on very rare occasion.

The court will therefore deny the transfer sought by plaintiff, but it will be cognizant of plaintiff's health problems in scheduling witnesses and testimony at trial. If it should develop, for example, that plaintiff requires medical treatment on a particular day, then the court will look favorably upon any motion to suspend trial for the day in question. Subject to this caveat, however, the motion to transfer [26-1] is denied.

So ordered, this the 17th day of March, 2008.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**