IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| WILLIE MAE MOORE | PLAINTIFF |
| VS. | CAUSE NO.   4:07CV5-M-B |
| WAL-MART STORES, INC. AND JOHN DOES 1-5 | DEFENDANTS |
| AND | |
| WAL-MART STORES, INC. | DEFENDANT/THIRD-PARTY PLAINTIFF |
| V. | |
| PUBLIC PAY PHONE COMPANY, ROBERT P. SCHMIDT AND JOHN DOES A-B | THIRD-PARTY DEFENDANTS |

### ORDER

This cause comes before the court on the motion of defendant/cross-plaintiff Wal-Mart Stores, Inc., for summary judgment, pursuant to Fed. R. Civ. P. 56.  Third party defendant Robert P. Schmidt d/b/a Public Payphone Company ("PPC") has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion should be denied at this juncture and that the contractual issues raised therein should be addressed after trial.

This is a personal injury action arising out of an April 22, 2006 incident in which a wooden casing surrounding a public pay phone at the Indianola Wal-Mart fell on plaintiff Willie Mae Moore's foot.  Plaintiff filed suit against Wal-Mart on December 15, 2006 in the Circuit Court of Sunflower County, and Wal-Mart timely removed the case to this court.  This personal injury action has also given rise to a third-party claim in which Wal-Mart has sued PPC, arising out of the latter's refusal to provide

1

Wal-Mart with a legal defense to the claims asserted by Moore. Wal-Mart contends that PPC, the outside vendor which owned, installed and operated the phone in question, is contractually obligated to provide it with such a defense.

The court presently has before it Wal-Mart's motion for summary judgment as to its third party claims against PPC. This motion, which seeks indemnification and a defense to Moore's claims, is based upon an October 21, 2003 contract between Wal-Mart and PPC entitled "Public Telephone Placement Agreement." Section 5 of the contract, which was prepared by an agent for Wal-Mart, requires PPC to indemnify and defend Wal-Mart for any claim "arising from, or alleged to have arisen from or related to (a) the operation of a Public Telephone provided for under this agreement or . . . (c) any breach by [PPC] of its obligations hereunder." The contract also provides, however, that "this indemnification shall not apply in the event the injury or damage arises out of or is caused by the negligence or willful misconduct of any indemnified party." The contract further provides that "[a]n indemnified party may retain counsel and defend such claim at [PPC's] expense if such indemnified party, in its sole discretion, believes that PPC will or has failed to comply with any of the terms or conditions of this Section 5."

The resolution of the coverage issues in this case is complicated by the fact that it appears that both PPC and Wal-Mart might potentially be held liable for the injuries suffered by Moore. Moore testified in her deposition that she was injured when the wooden casing surrounding the PPC phone fell and hit her foot. While this testimony would appear to suggest that PPC faces potential liability in this case, there is also considerable evidence before the court that Wal-Mart employees were on notice, for at least a week, that the PPC phone was falling apart. Wal-Mart employee Sarah Walker testified in her deposition that she "noticed during the course of the week" that one part of the phone casing was already on the floor and that another part was "hanging on the phone booth." Walker testified that she

2

reported the phone's condition to store management but that nothing was done for over a week prior to the accident. Frank Johnson, another Wal-Mart employee, similarly testified that he had noticed that the phone casing had been falling apart for at least a week prior to the accident.

In light of the foregoing, it seems clear that Wal-Mart at least potentially faces liability in this case, and it should be noted that Moore chose to file suit solely against Wal-Mart. It is also arguable that, by failing to notify PPC of the phone's condition prior to the accident, Wal-Mart has failed to comply with its obligations under its contract with PPC. That is, section 1 of the contract requires PPC to repair its phones "when notified" that such repairs are needed, and it is arguable that Wal-Mart failed to comply with its obligations (or at least with a condition precedent) in this regard.[1] It should also be noted that it is a near-universal rule of contract interpretation that ambiguities in a contract should be resolved against the drafting party,[2] and, as noted previously, an agent for Wal-Mart drafted the contract at issue herein. Accordingly, there is considerable doubt as to whether Wal-Mart will be able to obtain indemnification from PPC for any fault which might be assessed against Wal-Mart in this case. If such fault is, in fact, assessed against Wal-Mart, then the jury will necessarily have found Wal-Mart's own negligence to have caused at least part of plaintiff's injuries, and the contract would appear to preclude indemnification in such a scenario.

Wal-Mart alternatively argues that, even assuming that it is not entitled to indemnification in this case, the contract nevertheless gives it an absolute right to recover its attorneys' fees and other defense costs from PPC. Wal-Mart argues that the final sentence of section 5 of the contract provides

---

[1] There appears to be a fact issue as to whether PPC independently gained knowledge of the phone's condition prior to the accident, and this is one of the issues which will need to be resolved at trial.

[2] There is some question as to whether California, rather than Mississippi, contract law, should apply herein, based on a choice-of-law provision in the contract. The court need not address this issue at this juncture, however.

that it may "retain counsel and defend such claim at [PPC's] expense if [Wal-Mart], in its sole discretion, believes that PPC will or has failed to comply with any of the terms or conditions of this Section 5." PPC responds, however, that the contract actually provides that an "indemnified party" has the discretion to retain counsel at PPC's expense, and it notes that, in its brief, Wal-Mart substituted its name for the term "indemnified party." PPC further argues that, under the contract, Wal-Mart is not properly considered an "indemnified party" in the event that the jury finds that the plaintiff's injuries arose out of Wal-Mart's negligence, rather than that of PPC.

It does appear that the contract is less than clear as to whether Wal-Mart is properly considered to be an "indemnified party" entitled to attorneys' fees in the event that its own negligence caused the plaintiff's injuries. Section 5 of the contract specifically contemplates an "indemnified party" being denied indemnification in the event that its negligence causes the plaintiff's injuries, but it is unclear why the contract would refer to a party as being an "indemnified party" if it is being denied indemnification. This ambiguity is incorporated into the defense/attorneys' fees portion of the contract by the use of the term "indemnified party" therein. The defense portion of the contract would arguably be clear if it had simply used the term "Wal-Mart" in place of the term "indemnified party," but it plainly did not do so. It is true that the first sentence of section 5 makes reference to Wal-Mart, along with a lengthy list of employees, officers, contractors and affiliated parties, as being "indemnified parties." This does not serve to resolve the ambiguity arising from the term "indemnified party," however, particularly considering that the defense/attorneys' fees portion of the contract *directly follows* the portion of the contract which denies indemnification in cases where the negligence of that "indemnified party" caused the plaintiff's injuries. In the court's view, a reasonable vendor reading this contract might well conclude that Wal-Mart was not an "indemnified party" entitled to assess attorneys' fees in the event that its own negligence caused the plaintiff's injuries.

4

At this juncture, it is the court's inclination to conclude that Wal-Mart, as the drafting party, should not benefit from these ambiguities in its contract, particularly considering that its own interpretation would provide it with seemingly unfettered discretion to decide when PPC is required to pay its attorneys' fees. This would be a highly dubious result, as a matter of law and public policy. It does not require a great deal of imagination to predict that Wal-Mart would likely seek to exercise any such discretion broadly in favor of requiring its vendors to provide it with defenses to any lawsuits, as it has done in this case. It is the court's inclination to conclude that Wal-Mart should not be held to have such broad discretion to favor its own financial interests based upon the provisions of a contract which is arguably ambiguous and susceptible to differing interpretations.

At any rate, the court concludes that a final resolution of these issues should properly wait until after the jury has had a chance to determine to what extent, if any, fault for Moore's injuries lies with Wal-Mart and/or PPC. The court will therefore deny Wal-Mart's motion for summary judgment at this juncture, but it will entertain any motions relating to the issue of attorney's fees and indemnification after the jury has spoken regarding fault for the underlying accident in this case. The court would also note that PPC has filed its own "motion" seeking a declaratory judgment that it has no contractual obligation to defend or indemnify Wal-Mart in this case. The court concludes that this motion is both untimely and unnecessary since these issues have been addressed in the context of Wal-Mart's motion for summary judgment.[3] PPC's "motion" for declaratory judgment will therefore be dismissed. PPC has also filed a motion to dismiss Wal-Mart's third party complaint (as well as motions to correct and amend same), arguing that Wal-Mart's prior notice of the failure of the phone casing and its failure to notify PPC of same preclude its contractual indemnification claims. For the reasons previously stated, however, the court concludes that the resolution of these issues should await the jury's allocation of

---

[3]In addition, Wal-Mart notes that a "motion" for declaratory judgment is not a procedural option under the Federal Rules of Civil Procedure.

fault for the underlying accident, and PPC's motions to dismiss will therefore be denied.[4]

In light of the foregoing, it is ordered that Wal-Mart's motion for summary judgment [68-1] is denied. PPC's motions for declaratory judgment [54-1, 65-1] are dismissed, and PPC's motions to dismiss [52-1, 62-1] are denied.

So ordered, this the 31st day of March, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[4]PPC also requests that this court sever the third party indemnity claims from the underlying negligence claims asserted by Moore. The court will reserve judgment on this issue until trial, but its inclination at this juncture is to conclude that the third party defense and indemnification claims involve issues of law which are more appropriately resolved by this court, following post-trial briefing from the parties. Accordingly, the court does not intend, at this juncture, for the jury to resolve the third party contractual claims at trial.