**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIE MAE MOORE**                                                        **PLAINTIFF**

**VS.**                                                **CAUSE NO.   4:07CV5-M-B**

**WAL-MART STORES, INC.
AND JOHN DOES 1-5**                                      **DEFENDANTS**

**AND**

**WAL-MART STORES, INC.**                      **DEFENDANT/THIRD-PARTY
                                                                                                                     PLAINTIFF**

**V.**

**PUBLIC PAY PHONE COMPANY,
ROBERT P. SCHMIDT AND
JOHN DOES A-B**                               **THIRD-PARTY DEFENDANTS**

**<u>ORDER</u>**

This cause comes before the court on the motion of defendant Wal-Mart Stores, Inc., for an award of attorneys' fees and expenses, following the jury verdict finding it to have not been negligent in this case. Third party defendant Robert P. Schmidt d/b/a Public Pay Phone Company has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This court has discussed the attorneys' fees provision in this case at length, both in its March 31, 2008 order denying Wal-Mart's motion for summary judgment and in its October 7, 2008 order denying reconsideration of that order. In its order denying reconsideration, this court expressed concern that there were ambiguities in the Wal-Mart contract in situations where Wal-Mart sought

1

indemnification even thought it had itself been negligent.[1]  Specifically, this court wrote that:

> [T]he contract provides that "this indemnification shall not apply in the event the injury or damage arises out of or is caused by the negligence or willful misconduct of any indemnified party." Moreover, the very next sentence in the contract provides that "[a]n indemnified party may retain counsel and defend such claim at [PPC's] expense if such indemnified party, in its sole discretion, believes that PPC will or has failed to comply with any of the terms or conditions of this Section 5." This court has not contended, and does not contend, that Wal-Mart's interpretation of the contract is unreasonable. The court does assert once again, however, that an ambiguity is created when Wal-Mart drafts a contract which purports to define an entity as an "indemnified party" even though that party is expressly denied indemnification by the same contract. This ambiguity is especially great in this case, since the two sentences quoted above directly follow each other, while the supposedly clear definition of "indemnified party" is set forth well apart from either of these two sentences. A reasonable vendor reading the two sentences which Wal-Mart itself drafted might very reasonably conclude that Wal-Mart loses "indemnified party" status when it acts negligently.

Slip op. at 2. This court wrote, however, that it would "definitively address the coverage issues in this case after the jury has spoken regarding the underlying liability issues." This was the obvious approach to take, since it was clearly premature to determine whether Wal-Mart's own negligence would preclude it from recovering attorneys' fees before the jury had decided which, if any, parties had acted negligently in this case. As it turned out, the jury returned a defense verdict in this case, and the court assumed that Public Pay Phone would simply agree to pay Wal-Mart's attorneys' fees since Wal-mart had not been found to be negligent.

In light of the jury's verdict, Public Pay Phone now seeks to argue that the indemnification provision does not apply at all in this case, since the facts here do not implicate its terms. The court does not agree. Section 5 of the contract requires Public Pay Phone to indemnify and defend Wal-Mart

---

[1] This court also expressed concerns regarding the scope of the provision, which would seemingly allow a lengthy list of "indemnified parties" to obtain indemnification simply because they had made an extrajudicial demand for such. While these concerns might find application in another case, the fact remains that the provision is being applied in a rather customary manner in this case after 1) a jury has spoken regarding underlying liability issues and 2) this court has considered the amount of the fees requested. Accordingly, the court will not negate the provision altogether simply because it might find overbroad application in some future case.

2

for any claim" relating to liability for bodily injury or property damage ... arising from, or alleged to have arisen from or related to (a) the operation of a Public Telephone provided for under this agreement." This language is sufficiently broad to cover the claim in this case, which involves a wooden casing surrounding a payphone falling on the plaintiff's foot. Public Pay Phone argues that this provision does not apply since there is no evidence that "plaintiff's injuries occurred while she, or anyone else, was using and/or operating the subject payphone," but it is apparent that this argument is something of a stretch. Clearly, part of the proper "operation" of a payphone is that it will retain its structural integrity, even while not being used, so as not to collapse and injure persons standing nearby. It is quite doubtful that Wal-Mart would have agreed to allow the phone to be installed in its store if it had been assured that, while the phone would not electrocute or otherwise harm someone operating it, it was prone to collapse and injure shoppers or employees nearby. The court therefore concludes that the indemnification provision applies in this case, and Wal-Mart is entitled to recover its attorneys' fees and expenses from Public Pay Phone.

With regard to the amount of fees, Wal-Mart has submitted detailed invoices and records in support of its request for $54,976.00 in attorneys' fees and $6,037.29 in legal expenses. Mississippi Rule of Professional Conduct 1.5 sets forth factors for determining a reasonable attorneys' fee which are almost identical to the "lodestar" factors established by the United States Supreme Court, *see In re Estate of Gillies*, 830 So.2d 640, 645 (Miss. 2002), *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), as follows:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Based on these factors, not all of which are applicable, the court agrees with Wal-Mart that the requested fees are actually on the low side of what is reasonable. Counsel for Wal-Mart (who are members of a prominent Delta law firm) vigorously and ably represented it in a lengthy litigation involving a large number of difficult pre-trial motions, a jury trial, and post-trial motions. Moreover, Wal-Mart notes in its brief that the fees requested in this case are quite reasonable in light of fees awarded in similar lawsuits. In apparent recognition of this fact, Public Pay Phone has made no specific objection to the amount of Wal-Mart's fee request, merely noting that this court is "free to reduce that total to a lesser amount." While this is no doubt true, the court sees no basis for so reducing the award, and Wal-Mart's request will accordingly be granted.

In light of the foregoing, it is ordered that Wal-Mart's motion for attorneys' fees and expenses is granted. Third party defendants Robert P. Schmidt and Public Pay Phone Company are liable to Wal-Mart for $54,976.00 in attorneys' fees and $6,037.29 in legal expenses, and this case is closed.

So ordered, this the 15th day of October, 2009.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**