UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2011

Lyle W. Cayce
Clerk

No. 09-60850

FILED
AUG 01 2011
DAVID CREWS, CLERK
BY _____ Deputy

D.C. Docket No. 4:07-CV-5

ESTATE OF WILLIE MAE MOORE,

    Plaintiff

v.

WAL-MART STORES, INC.,

    Defendant-Third Party Plaintiff - Appellee Cross-Appellant

v.

ROBERT SCHMIDT; PUBLIC PAY PHONE COMPANY,

    Third Party Defendants - Appellants Cross-Appellees

Appeals from the United States District Court for the
Northern District of Mississippi, Greenville

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is reversed, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that appellees pay to appellant the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: JUL 2 7 2011

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

New Orleans, Louisiana    JUL 2 7 2011

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2011

Lyle W. Cayce
Clerk

No. 09-60850

ESTATE OF WILLIE MAE MOORE,

        Plaintiff,

v.

WAL-MART STORES, INC.,

        Defendant-Third Party Plaintiff –
        Appellee Cross-Appellant,

v.

ROBERT SCHMIDT; PUBLIC PAY PHONE COMPANY,

        Third Party Defendants –
        Appellants Cross-Appellees.

Appeals from the United States District Court
for the Northern District of Mississippi
4:07-cv-5-mpm

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

    The petition for rehearing en banc is denied. We, however, withdraw our previous opinion in this matter, *Estate of Moore v. Wal-Mart Stores, Inc.*, No. 09-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

60850, 2011 WL 1659419 (5th Cir. Apr. 28, 2011), and substitute the following opinion.

Public Pay Phone appeals the district court's order requiring it to pay Wal-Mart's attorneys' fees. Wal-Mart sought to recover the costs of defending the personal injury suit brought by Plaintiff Willie Mae Moore, who alleged that a piece of the wooden casing around a pay phone in the store's customer service department fell and injured her foot. Public Pay Phone installed and maintained the phone, pursuant to an agreement with Wal-Mart. Under that agreement, Public Pay Phone promised to indemnify Wal-Mart for lawsuits related to the phone in certain circumstances. The indemnification provision does not apply, however, "in the event the injury or damage arises out of or is caused by the negligence or willful conduct of Wal-Mart."

Before trial, Wal-Mart moved for summary judgment on the indemnification claim. The district court denied the motion, reasoning that, because there could be no indemnification if Wal-Mart had been negligent, the most sensible course was to take up the issue again after trial on the underlying personal injury action:

> [T]he court concludes that a final resolution of these issues should properly wait until after the jury has had a chance to determine to what extent, if any, fault for Moore's injuries lies with Wal-Mart and/or [Public Pay Phone]. The court will therefore deny Wal-Mart's motion for summary judgment at this juncture, but it will entertain any motions relating to the issues of attorney's fees and indemnification after the jury has spoken regarding fault for the underlying accident in this case.

At trial, both sides adduced evidence on the question of Wal-Mart's negligence. Public Pay Phone presented evidence that a Wal-Mart employee had reported the damaged condition of the phone casing to her supervisor at least a week before the accident, yet Wal-Mart never informed Public Pay Phone of the need for repairs until after the accident. On the other hand, Wal-Mart presented

2

evidence that none of the store's managers knew about the damage prior to the accident, but that a representative of Public Pay Phone had visited the store and observed the damage before the accident.

Ultimately, Wal-Mart prevailed. The jury returned a general verdict for the defense: "We, the jury, find for the Defendant." Because they were not given special interrogatories, the jury made no findings regarding allocation of fault to Wal-Mart, Public Pay Phone, or Moore.

Following the jury verdict for Wal-Mart on the underlying personal-injury action, the parties submitted post-trial briefs on the indemnification claim—essentially a renewed motion for summary judgment. In construing the indemnification provision, the district court made no findings regarding the relative negligence of the parties. Rather, the court assumed that the jury had allocated no fault to Wal-Mart: "[T]he jury returned a defense verdict in this case, and the court assumed that Public Pay Phone would agree to pay Wal-Mart's attorneys' fees since Wal-Mart had not been found to be negligent." Based on this assumption, the district court required Public Pay Phone to pay Wal-Mart's attorneys' fees relating to the action.

The legal effect of a jury verdict, like the interpretation of a contract, is a legal question that we review *de novo*. *See, e.g.*, *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995). In this case, the jury's verdict does not establish that Wal-Mart was not negligent. The jury simply made no such finding. Instead, the jury rendered only a general verdict, indicating only that the plaintiff failed to prove an essential element of her claim.[1] As a result, "[w]ithout specific jury findings, no one can logically or realistically draw any

---

[1] Indeed, a jury note suggests that the jury was considering whether plaintiff had been injured at all: "Did the plaintiff's lawyer *have to prove* that Mrs. Moore was actually hurt by the falling shelf on April 22, 2006?" The jury's question nicely illustrates the problem. If the jury found that the plaintiff's proof failed on the issue of actual injury, it would not even need to consider whether Wal-Mart acted negligently to find for Wal-Mart.

3

factual finding inferences." *United States v. Watts*, 519 U.S. 148, 155 (1997) (internal quotation marks and citation omitted). Thus, the jury's verdict does not resolve the question of whether Wal-Mart was negligent, which would preclude indemnification under the terms of the agreement.

For the first time on rehearing, Wal-Mart argues that we should review the question of whether Wal-Mart was negligent for clear error because it is a factual finding made after a bench trial. According to Wal-Mart, immediately after the jury verdict, the parties stipulated that "the resolution and final adjudication of Wal-Mart's [indemnification claims] will be decided by [the district court] via a bench trial."[2] Wal-Mart provides no citation to the record for this stipulation and we have been unable to locate the stipulation in the record filed in this court.[3]

Assuming that the parties stipulated to a bench trial of the indemnification claims, however, the stipulation does not affect the standard of review or outcome on the issue presented by this appeal. Rule 52(a) of the Federal Rules of Civil Procedure, which governs bench trials, "is clear in its mandate that the district court must find the facts specially and state separately its conclusions of law thereon." *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1072 (5th Cir. 1985); *see also* Fed. R. Civ. P. 52(a)(1). Here, the district court's order contains no factual findings regarding Wal-Mart's negligence. Instead, the district court's determination that Wal-Mart had not acted

---

[2] Wal-Mart states that this "stipulation was stated on the record immediately after the jury rendered its verdict and the parties were awaiting a final presentation of evidence to consider the [indemnification] claims. The Court and all remaining parties agreed that the final resolution of the Third-Party claims was a legal issue so the parties agreed to submit the defenses and indemnity issues to [the district court] and to dismiss the jury to expedite resolution of such claims and prevent unnecessary retention of the jurors."

[3] Public Pay Phone does not deny that such a stipulation was made. Instead, it asserts that the record does not reflect an understanding "that a general verdict in favor of Wal-Mart reflected a finding that Wal-Mart was not negligent thereby triggering Wal-Mart's right to indemnification by Public Pay Phone pursuant to the agreement."

negligently rested on a legal conclusion about the effect of the jury's verdict. Conclusions of law are always reviewed *de novo*. *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005). As we have already explained, the court's legal interpretation of the jury's verdict was incorrect. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

On remand, the district court is authorized to determine what, if any, stipulation was made and make a finding on that issue. If the court determines that the parties agreed that it could decide any unresolved factual and legal issues regarding indemnity, the court may conduct whatever additional hearings it finds necessary to resolve any issues regarding Wal-Mart's negligence and render a judgment on Wal-Mart's indemnity claim. The mandate shall issue forthwith.

**REVERSED AND REMANDED.**