**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIE MAE MOORE**                                                                              **PLAINTIFF**

**VS.**                           **CAUSE NO. 4:07CV5-M-B**

**WAL-MART STORES, INC.
AND JOHN DOES 1-5**                  **DEFENDANTS**

**AND**

**WAL-MART STORES, INC.**               **DEFENDANT/THIRD-PARTY
PLAINTIFF**

**V.**

**PUBLIC PAY PHONE COMPANY,
ROBERT P. SCHMIDT AND
JOHN DOES A-B**                  **THIRD-PARTY DEFENDANTS**

**ORDER**

This cause comes before the court on remand from the Fifth Circuit Court of Appeals, directing it to make findings of fact relevant to Wal-Mart's right to recover attorneys' fees from third party defendant Public Pay Phone Company in the above-entitled action. *See Estate of Moore v. Wal-Mart Stores, Inc.*, No. 09-60850 (5th Cir. 2011). This case was originally a simple tort action filed by plaintiff Willie Mae Moore, who alleged that a piece of wooden casing around a pay phone in Wal-Mart's Indianola store fell and injured her foot. Public Pay Phone installed and maintained the phone pursuant to an agreement with Wal–Mart. Under that agreement, Public Pay Phone promised to indemnify Wal–Mart for lawsuits related to the phone in certain circumstances. The indemnification provision does not apply, however, "in the event the injury or damage arises out of or is caused by the negligence or willful conduct of Wal–Mart." Following the jury verdict for Wal–Mart on the underlying

1

personal injury action, this court granted summary judgment on the indemnification claim, requiring Public Pay Phone to pay Wal–Mart's attorneys' fees relating to the action.

In granting Wal-Mart's motion for attorneys' fees, this court reasoned that, since it had prevailed in a negligence case against it, there was no basis for concluding that the "negligence of Wal-Mart" exception to the above-quoted indemnification provision applied in this case. On appeal, however, the Fifth Circuit concluded that the factual basis for an award of attorneys' fees remained unclear. In its opinion, the Fifth Circuit highlighted a jury note in this case which, it found, suggested that the jury may simply have concluded that plaintiff failed to prove that she suffered compensable damages in this case, without reaching the question of whether Wal-Mart had acted negligently. Specifically, the Fifth Circuit wrote as follows:

> In this case, the jury's verdict does not establish that Wal-Mart was not negligent. The jury simply made no such finding. Instead, the jury rendered only a general verdict, indicating only that the plaintiff failed to prove an essential element of her claim. . . Indeed, a jury note suggests that the jury was considering whether plaintiff had been injured at all: "Did the plaintiff's lawyer have to prove that Mrs. Moore was actually hurt by the falling shelf on April 22, 2006?" The jury's question nicely illustrates the flaw in Wal–Mart's argument. If the jury found that the plaintiff's proof failed on the issue of actual injury, it would not even need to consider whether Wal–Mart acted negligently to find for Wal–Mart.

*Estate of Moore*, slip op. at 3. The Fifth Circuit accordingly reversed this court's award of attorneys' fees and remanded for a determination as to whether Wal-Mart had acted negligently in this case.

On April 12, 2012, this court held a hearing to address the issues raised by the Fifth Circuit in its order. At this hearing, the first order of business was determining whether the court should make a finding regarding whether Wal-Mart acted negligently or whether a new jury should be empaneled for this purpose. In its order remanding this case, the Fifth Circuit had authorized this court to make findings of fact regarding whether, after the jury trial in this matter, the parties had stipulated that the court was to resolve the attorneys' fees issues in a post-verdict bench trial. On appeal, Wal-Mart had asserted that such a stipulation had been made, but the Fifth Circuit found no evidence of such in the

2

record. At the April hearing, this issue was rendered moot by all sides agreeing on the record that, regardless of whether a stipulation to a bench trial had been made at the original trial, they were now prepared to so stipulate. With this important issue resolved, the court proceeded to conduct a bench trial regarding the issue of whether Wal-Mart had acted negligently in this case.

After carefully considering the evidence presented at the bench trial, the court concludes that Wal-Mart did, in fact, act negligently in this case. It is well established that the general negligence duty is to do what a reasonable prudent person would do under like or similar circumstances. *See e.g., Donald v. Amoco Production Co.*, 735 So. 2d 161 (Miss. 1999). At the bench trial, Public Pay Phone established that Wal-Mart had notice that the subject phone was in a damaged condition for at least a week prior to the subject incident but that it nevertheless failed to take reasonable steps to safeguard its customers or to contact Public Pay Phone so that it could repair the phone. Sarah Walker, a Wal-Mart employee working in the customer service department, testified that the subject pay phone had been damaged for at least a week. Ms. Walker further testified that she reported the damaged condition of the payphone to others in management at the store, but that no action to repair the phone was taken. Another Wal-Mart employee, Frank Johnson, testified that the wooden payphone casing had been damaged for "about a week." The testimony of these witnesses also established that the subject payphone was in an area of the store frequented by management personnel, such that management knew or should have known of its damaged condition.

It is thus apparent that this court is not confronted with a case where a potentially dangerous condition was allowed to persist for a short period of time. Rather, the court finds that Wal-Mart allowed a potentially dangerous condition in its store to persist for at least a week, and the court finds that a reasonably prudent store operator would not have acted in this manner. The court therefore concludes that Wal-Mart acted negligently in this case. The court further concludes that this negligence was a proximate cause of the accident in this case, for which at least nominal damages

should have been awarded.

As noted previously, the Fifth Circuit apparently regarded the jury's verdict as being unclear, although it raised the possibility that the jury felt that Ms. Moore did not prove that she suffered compensable damages in this case. It should be emphasized, however, that the question of whether Wal-Mart acted negligently is separate and distinct from the issue of whether Ms. Moore was able to prove all of the elements of a negligence *cause of action*. The Fifth Circuit remanded for a determination on the former issue. In so doing, the Fifth Circuit obviously concluded that the issue of whether Wal-Mart's negligence should preclude it from recovering its attorneys' fees was separate and distinct from the issue of whether Moore was entitled to recover tort damages against it.[1] Indeed, it seems clear from the Fifth Circuit's opinion that a finding that Wal-Mart acted negligently should preclude it from recovering its attorneys' fees against Public Pay Phone in this case, and this court will therefore deny Wal-Mart's motion seeking to recover same.

In light of the foregoing, the court concludes that Wal-Mart acted negligently in this case and

---

[1]This court's duty at this juncture is to apply the Fifth Circuit's ruling, not to resolve this issue in the manner in which it would do so if left to its own counsel. In its original order, this court expressed its view that the jury's verdict supported an award of attorneys' fees, since the indemnification agreement precludes attorneys' fees "in the event the injury or damage arises out of or is caused by the negligence or willful conduct of Wal–Mart." The indemnification agreement thus appears to consider the issue of damages in deciding whether the exception thereto applies. This suggests to this court that, if the jury did conclude that Ms. Moore's case failed due to a lack of damages, then the exception to the indemnification agreement would not apply and Wal-Mart would be entitled to recover attorneys' fees. The Fifth Circuit obviously saw the issue differently, however, and this court's responsibility at this juncture is simply to apply that court's ruling.

This court does find today's result to be consistent with considerations of equity, since there is something unseemly about the manner in which one of the world's largest corporations has relentlessly pursued a small businessman to pay its attorneys' fees based upon a one-sided indemnification provision which it drafted. Prior to trial, this court twice denied Wal-Mart's motions for attorneys' fees before ultimately concluding that the jury's verdict left it with no choice but to grant the motion. While the Fifth Circuit's legal evaluation of this case differs from this court's, it does appear that the final result reached in the case (assuming it stands) is an equitable one.

that this negligence precludes it from recovering its attorneys' fees under its indemnification agreement with Public Pay Phone. Wal-Mart's request for such attorneys' fees is therefore denied, and this case is closed.

So ordered, this the 20th day of September, 2012.

                                         **/s/ MICHAEL P. MILLS**
                                         **CHIEF JUDGE**
                                         **UNITED STATES DISTRICT COURT**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**